**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT KEVIN HENNELLY,

Plaintiff-Appellant,

v.

FLOR DE MARIA OLIVA,
MARGARET KEGEL, Domestic
Relations Hearing Officer, SHARON
PINO, Guardian Ad Litem and
BARBARA VIGIL, First Judicial
District Judge,

Defendants-Appellees.

No. 06-2265

District of New Mexico

(D.C. No. CIV-06-613)

**ORDER AND JUDGMENT**\*

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

In July 2006, Robert Kevin Hennelly brought suit in federal district court

against his former wife and various state officials. He styled his action, brought

under 42 U.S.C. § 1983, as a Complaint for Damages and Emergency Injunctive

---

\*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Relief. The suit arose from an apparently ongoing custody dispute in New Mexico state court concerning Mr. Hennelly's minor child. In his complaint, Mr. Hennelly claimed that his former wife, Flor de Maria Oliva, the New Mexico domestic relations hearing officer, his child's court-appointed guardian *ad litem*, and the state court judge who heard his case violated his due process rights by denying Mr. Hennelly access to his child. Mr. Hennelly is proceeding *pro se.*

After carefully reviewing his pleadings, on August 11, 2006, the District Court for the District of New Mexico dismissed Mr. Hennelly's suits against the state officials for failure to state a claim. A month later, the district court dismissed Mr. Hennelly's claim against his former wife as well and denied his request to amend his complaint. The court recognized that at such an early stage of litigation, dismissal is appropriate only when the plaintiff "can prove no set of facts in support of his claim to entitle him to relief." *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986). It was careful to construe Mr. Hennelly's pleadings liberally, in keeping with the plaintiff's status as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The district court ultimately concluded that New Mexico State Court Judge Barbara Vigil and Hearing Officer Margaret Kegel were entitled to absolute judicial immunity, as Mr. Hennelly's allegations concerned actions Judge Vigil and Officer Kegel took in their judicial capacities within the jurisdiction of the state court. *Mireles v. Waco*, 502 U.S. 9, 13 (1991). The district court found

Sharon Pino, the guardian appointed by the New Mexico court to represent Mr. Hennelly's minor child, would qualify for quasi-judicial immunity if she acted under color of state law. But the court correctly noted that we have held the guardians *ad litem* are not state actors for purposes of § 1983, because they give their "undivided loyalty to the minor, not the state." *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986). Therefore the district court found Ms. Pino was not susceptible to suit under § 1983. For a similar reason, the court dismissed the claim against Mr. Hennelly's former wife: she is a private citizen, the court held, not acting under color of state law.

Finally, the court found that a pair of jurisdictional doctrines prevent a federal court from granting relief in any event. The *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes inferior federal courts from reviewing the final decisions of state tribunals. *See Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004). In the alternative, if the state-court judgment against Mr. Hennelly is not final, the *Younger* abstention doctrine prevents the federal district court from interfering in an ongoing state proceeding. *Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of Utah*, 240 F.3d 871, 875 (10th Cir. 2001). Either way, the federal courts lack jurisdiction.

After reviewing the district court's opinion *de novo*, *see Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006), we **AFFIRM** the judgment of the district court for the reasons articulated in its two dismissal orders. In light of the court's thorough analysis there of the relevant facts and law, we find no need to elaborate. Accordingly, Mr. Hennelly's appeal is **DISMISSED**.

Appellant's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge