**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANIEL W. DAUWE,

      Plaintiff-Appellant,

v.

G. DAVID MILLER, individually and
in his capacity as judicial officer;
JOANN L. VOGT, individually and in
her capacity as judicial officer;
DIANA TERRY, individually and in
her capacity as judicial officer;
NANCY J. LICHTENSTEIN,
individually and in her capacity as
judicial officer,

      Defendants-Appellees.

No. 09-1321
(D.C. No. 1:08-cv-02481-LTB-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Daniel W. Dauwe brought this action against Colorado District Court Judge G. David Miller and Colorado Court of Appeals Judges Joann L. Vogt, Diana L. Terry, and Nancy J. Lichtenstein, complaining about various unfavorable rulings made by Judge Miller and affirmed by the appellate judges in a state collection suit. In that suit, which arose out of Mr. Dauwe's refusal to pay for psychiatric services he had not consented to for his children, Mr. Dauwe unsuccessfully asserted counterclaims for wrongful debt collection against the collection company and third-party claims for professional negligence against the psychiatrist. In an overlapping time frame, another state suit, over fees owed to an arbitrator, was resolved adversely to Mr. Dauwe. The same three appellate judges were involved and, after receiving their decision, Mr. Dauwe amended his complaint to add two more claims against them. All defendants moved to dismiss on numerous grounds, including the jurisdictional bars associated with the *Rooker-Feldman*[1] and *Younger*[2] doctrines. The district court granted the motion and Mr. Dauwe appeals. As explained below, jurisdiction over much of this case is barred by *Younger* and the rest is barred by *Rooker-Feldman*. Accordingly, we affirm dismissal, though we direct that it be without prejudice, and do not reach other, non-jurisdictional deficiencies discussed by the district court.

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

Both *Younger* and *Rooker-Feldman* bar federal interference with state court decision-making. For our purposes, the key difference between them lies in the procedural stage at which the jurisdictional bar operates:

> The *Rooker-Feldman* doctrine . . . precludes inferior federal courts from reviewing the final decisions of state tribunals. *See Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004) [*overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)]. In the alternative, if the state-court judgment [challenged in federal court] is not final, the *Younger* abstention doctrine prevents the federal district court from interfering in an ongoing state proceeding. *Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of Utah*, 240 F.3d 871, 875 (10th Cir. 2001). Either way, the federal courts lack jurisdiction.

*Hennelly v. Flor De Maria Oliva*, 237 F. App'x 318, 319 (10th Cir. 2007).

Mr. Dauwe's pleadings clearly reflect an attempt to have the federal courts review and invalidate rulings made in his state cases. His amended complaint alleges that his rights to due process, equal protection, and/or access to the courts were violated when (1) his state wrongful debt collection claims did not go to trial; (2) his claims of professional negligence did not go to trial; (3) Judge Miller suspended the rules of district court procedure and followed county court rules instead; (4) Judge Miller refused to recuse himself; (5) the court of appeals held that the Uniform Consumer Credit Code remedy invoked by Mr. Dauwe did not apply to an arbitrator's fee; and (6) the court of appeals wrongly concluded that Mr. Dauwe's appeal was frivolous, exposing him to an attorney fee award under Colo. Rev. Stat. § 13-17-102(6). *See* R., Vol. 1 at 103-06. The complaint seeks

"declaratory or injunctive relief, requiring Defendants to recognize [Mr. Dauwe's] legal rights." *Id.* at 106.

All of Mr. Dauwe's claims are put forward in constitutional terms, but cloaking an attack on a state court judgment in this way does not forestall application of *Rooker-Feldman* or *Younger*. As for *Rooker-Feldman*, "'a district court cannot entertain constitutional claims attacking a state-court judgment, even if the state court did not pass directly on those claims, when the constitutional attack is inextricably intertwined with the state court's judgment.'" *Mann v. Boatwright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (brackets omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 n.1 (2005) (further quotation omitted)). Clearly Mr. Dauwe's constitutional claims are inextricably intertwined with the state court judgments at which they are aimed. Similarly for *Younger*, "federal courts should not interfere with state court proceedings by granting equitable relief–such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings–when a state forum provides an adequate avenue for relief." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (quotation omitted). As a general matter, "Colorado law does not bar [federal constitutional] claims," *Crown Point I, L.L.C. v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003), and no particular reason appears why the

objections advanced here could not be given fully adequate consideration in the state courts.[3]

It remains for us to determine which doctrine applies to which claims, depending on the presence or absence of ongoing state proceedings.[4] The time frame for this determination is when the federal action was filed. *See Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006); *Bettencourt v. Bd. of Registration in Med.*, 904 F.2d 772, 777 (1st Cir. 1990) (citing cases). The case involving Judge Miller giving rise to the first four claims was resolved on September 18, 2008, by the Colorado Court of Appeals, which denied rehearing on November 6, 2008. Mr. Dauwe did not seek review in the Colorado Supreme Court, so the proceeding ended when the time for seeking such review expired. *Bear*, 451 F.3d at 642. Under Colorado Appellate Rule 52(b)(3), that was thirty days after rehearing was denied. Thus the state case was ongoing when Mr. Dauwe filed his original federal complaint on November 14, and the district court correctly held that *Younger* barred the four claims asserted therein.

---

[3] We note that the final prong of the *Younger* test is also satisfied here, as important state interests are implicated and the state court rulings challenged by Mr. Dauwe involve "matters which traditionally look to state law for their resolution." *Crown Point I*, 319 F.3d at 1215.

[4] Our resolution of the case in this respect diverges somewhat from the district court, but we may affirm the dismissal of this action "on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Mann*, 477 F.3d at 1145 (quotation omitted). Indeed, as these matters go to the court's lack of subject matter jurisdiction, we are obligated to reach and resolve them as we deem proper.

The timing question is a little more complicated with respect to the claims arising out of the second state court case. After the Colorado Court of Appeals affirmed the trial court's final order denying Mr. Dauwe's motion for post-judgment relief, the Colorado Supreme Court denied review on January 12, 2009. Ordinarily, that would mark the end of the state proceeding, triggering application of *Rooker-Feldman* to Mr. Dauwe's amended federal complaint, filed eight days later, adding the two claims relating to the second state case. But the court of appeals had found Mr. Dauwe's appeal legally frivolous and remanded for an award of attorney fees to the appellee as a sanction. Issuance of the mandate effecting the remand did not even take place until January 30, 2009, ten days after Mr. Dauwe amended his federal complaint in this case. While the ongoing fee matter did not affect *Rooker-Feldman's* application to the merits judgment that became final with the denial of review by the state supreme court, *see Bear*, 451 F.3d at 642 (explaining that ongoing proceedings collateral to decision that has become final do not affect application of *Rooker-Feldman* to that decision), it precludes application of *Rooker-Feldman* to the extent any claims in this case are specifically directed at the fee proceeding. The sixth claim asserted in the amended complaint does relate to the fee award and, indeed, Mr. Dauwe followed up on that claim by moving to enjoin the state fee proceedings. As to this part of the case, then, the *Younger* doctrine barred federal interference in the ongoing state proceeding.

-6-

The *Rooker-Feldman* and *Younger* doctrines go to the jurisdiction of the federal courts. Thus, while they mandate dismissal of the claims asserted here, that dismissal should be without prejudice to any non-federal litigation where they do not apply. *See Chapman v. Oklahoma*, 472 F.3d 747, 750 (10th Cir. 2006); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1220 (10th Cir. 2006).

Finally, we note that Mr. Dauwe advances a number of meritless objections to the federal district court's handling of this case.[5] These objections do not affect our analysis of the controlling jurisdictional issues and do not warrant additional particularized discussion here.

The dismissal of this action is AFFIRMED, but we REMAND the case to the district court with directions to modify the judgment to indicate that the dismissal is without prejudice.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[5] Mr. Dauwe even complains of the district court's handling of a prior case from which he took no appeal. We obviously have no jurisdiction to consider that matter.