**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NANCY BEAR,

        Plaintiff-Appellant,

  v.

JAMES A. PATTON, in his official
capacity as Judge of the District Court
of Brown County, Kansas,

        Defendant-Appellee.

No. 05-3183

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 04-CV-4081-JAR)**

---

Submitted on the briefs:

Nancy Bear, Pro Se, Appellant.

Phill Kline, Attorney General, Steve Phillips, Assistant Attorney General, Office
of the Attorney General, Topeka, Kansas, for Defendant-Appellee.

---

Before **LUCERO, ANDERSON,** and **BRORBY,** Circuit Judges.

---

**BRORBY,** Circuit Judge.

---

Plaintiff Nancy Bear appeals from the district court's order dismissing her civil action for lack of subject matter jurisdiction pursuant to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (together, *Rooker-Feldman*). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the district court's judgment and remand for further proceedings.[*]

## I. Background

Nancy Bear is an enrolled member of the Kickapoo Tribe and lives on the Tribe's reservation in Kansas. She filed this action seeking declaratory and injunctive relief against defendant James A. Patton in his official capacity as Judge of the District Court of Brown County, Kansas. Judge Patton presided over civil action No. 02-C-61, *Kathy Ann Bradley, et al. v. Nancy Sue Bear, et al.* The plaintiffs in that state action brought two claims against Bear. Count I requested a decree dissolving a partnership of which Bear was a member and an accounting that would divide the partnership assets. Count II sought a partition of property owned by the partnership. On December 10, 2003, after a trial to court, Judge Patton filed a journal entry in which he ordered that "[p]ursuant to K.S.A.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[§] 60-254(b) final judgment should be entered on Count II of plaintiffs' Petition (For Partition)."[1]  R., doc. 3, unlabeled ex. at 103.  In the journal entry, Judge Patton ordered a partition of certain real estate and personal property owned by the partnership.  On June 15, 2004, a sheriff's sale was held and the property sold. *See id*. at 182-86.  Also on that date, Bear filed a motion to dismiss the case, arguing that the court lacked subject matter jurisdiction over the real estate and personal property at issue because it was on Indian land.

On July 9, 2004, Bear filed her complaint in this action, requesting a variety of declaratory relief, including that Judge "Patton's assumption of jurisdiction over Plaintiff Bear's deeded lands on the Kickapoo Reservation violated federal law and his order to liquidate said lands issued in said case is . . . null and void." *Id*., doc. 1 at 9.  She also seeks injunctive relief prohibiting Judge

---

[1]     Kan. Stat. Ann. § 60-254(b) reads as follows:

> (b) *Judgment upon multiple claims*.  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim or, when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Patton from issuing or enforcing any further orders, judgments, or decrees regarding her or any of her deeded lands on the Kickapoo Reservation.

Judge Patton, who had not yet ruled on Bear's motion to dismiss, stayed the case before him *sua sponte* pending the resolution of this action. He filed a motion to dismiss that the district court granted based on lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.[2] The court concluded that "the relief Bear requests . . . is not separable from and collateral to [the state-court case], for Bear in essence seeks an order from this Court vacating Judge Patton's decisions. Therefore, Bear's claim is inextricably intertwined with the state court's decision, and this Court cannot exercise jurisdiction." *Id.*, doc. 10 at 4 (footnote omitted). This appeal followed.

## II. Discussion

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Kiowa Indian Tribe of Okla. v Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). Because Bear appears pro se, we review her pleadings and other papers liberally and hold them to a less stringent standard

---

[2]     As discussed more fully below, the *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction over claims that seek, in substance, appellate review of final state-court judgments.

-4-

than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).[3]

Under 28 U.S.C. § 1257(a), "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." The *Rooker-Feldman* doctrine arose out of this statute, and provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments. *See Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006). Federal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them. *Id.*

At the time the district court dismissed Bear's action, the law of this circuit was that the *Rooker-Feldman* doctrine applied to "all state-court decisions—final or otherwise." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 475 (10th Cir. 2002). However, just one week prior to the district court's dismissal of this case, the Supreme Court held that "[t]he *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

---

[3]     Judge Patton suggests that we should not grant Bear the deference ordinarily afforded to pro se litigants because, upon information and belief, he asserts that she received assistance from her attorneys in drafting her appellate brief. Although her brief appears to be consistent with briefs traditionally associated with attorneys and she was represented by counsel in the district court, we are obliged to construe her brief liberally in the absence of evidence that it was prepared with the assistance of an attorney.

and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Court further explained that, in both *Rooker* and *Feldman*, "the losing party in state court filed suit in federal court *after the state proceedings ended*." *Id.* at 291 (emphasis added). Accordingly, *Exxon Mobil* reverses our holding in *Kenmen* that *Rooker-Feldman* applies to "all state-court decisions—final or otherwise." *See Guttman*, 446 F.3d at 1031.[4]

We recently agreed with several of our sister circuits that "after the state proceedings ended" means that "*Rooker-Feldman* applies only to suits filed after state proceedings are final." *Id.* at 1032 (citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir. 2005); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 89 (2d Cir. 2005); *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005); *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005)). In *Guttman*, we also cited with approval the First Circuit's explanation of several situations in which a state-court judgment could be considered final for *Rooker-Feldman* purposes, one of which is relevant here: "'if the state action has

---

[4]     We note that *Rooker-Feldman* does not apply in the habeas context because Congress has authorized federal district courts to review state prisoners' petitions. *See Exxon Mobil Corp.*, 544 U.S. at 292 n.8 (citing 28 U.S.C. § 2254(a)).

reached a point where neither party seeks further action.'" *Guttman*, 446 F.3d at 1032 n.2 (quoting *Federacion*, 410 F.3d at 24).

The present case requires us to go one step further than was necessary in *Guttman* and hold that "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." *Federacion*, 410 F.3d at 24. Accordingly, *Rooker-Feldman* applies as to that judgment and any claims inextricably intertwined with it. Under this view of *Rooker-Feldman*, the relevant inquiry in this case is whether, at the time the federal action was filed, the judgment on Count II that Judge Patton issued pursuant to Kan. Stat. Ann. § 60-254(b) was final and appealable under Kansas law and, if so, whether Bear's time for taking an appeal had run.

Although the state proceedings have not "ended" in a general sense because the accounting and distribution of the proceeds of the sheriff's sale remain, a final judgment on Count II that was no longer appealable would have invoked *Rooker-Feldman*'s jurisdictional bar for two reasons. First, the purpose of the bar is to prevent a state court litigant from circumventing the appellate structure established by 28 U.S.C. § 1257(a). *See Rooker*, 263 U.S. at 416 (explaining that, after the period for appeal to the Supreme Court lapses, "an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly" by filing an action in a federal district court). Merely allowing to elapse the time for an appeal from a final, appealable judgment on one of multiple claims, then filing an

action in a federal district court attacking the state court's jurisdiction to enter that judgment, would do just that.

The second reason a final judgment on Count II would have invoked the *Rooker-Feldman* bar is that Bear's request for prospective declaratory and injunctive relief is inextricably intertwined with it. A federal claim is inextricably intertwined with a state-court judgment if that judgment "*caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress.*" *Kenmen Eng'g*, 314 F.3d at 476 (footnote omitted), *abrogated on other grounds by Exxon Mobil*, 544 U.S. 280. As noted above, in the Count II judgment, Judge Patton concluded that the partnership assets should be partitioned and ordered the sheriff's sale. Thus, the judgment is the cause of the prospective injury Bear seeks to enjoin—an accounting and division of partnership assets under Count I—and the prospective relief she seeks in her federal claim is, therefore, inextricably intertwined with it. Absent the adverse judgment on Count II, Bear would have no basis, and perhaps no reason, to challenge prospectively Judge Patton's jurisdiction to enter orders on Count I.

We decline to address in the first instance whether the Count II judgment was final under Kansas law when Bear filed this action. The district court is in a better position to accept argument from the parties, make factual findings or take evidence if necessary, and resolve the issue. Furthermore, if the district court determines that the judgment was not final and, therefore, that *Rooker-Feldman*

does not apply, it can consider the alternate bases for dismissal urged by Judge Patton, namely, abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and the discretion a district court has to decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).[5]

### III. Conclusion

In view of the foregoing, the judgment of the district court is VACATED and the case is remanded for further proceedings consistent with this opinion.

---

[5] Although we do not reach the issue of *Younger* abstention, we note that it appears one of its essential predicates, the presence of an ongoing proceeding, may be absent here. *See Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001) (holding *Younger* abstention inappropriate where a municipal court stayed a criminal proceeding *sua sponte* in favor of federal resolution of the issues).