**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALVADOR OLMOS-RODRIGUEZ,

Defendant - Appellant.

No. 05-2259
(D. New Mexico)
(D.Ct. No. CR-04-1652 J)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Salvador Olmos-Rodriguez pled guilty to one count of unlawful reentry by an alien previously deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him to forty-six months imprisonment, with two years of supervised release.

Olmos-Rodriguez's appointed counsel, Edward O. Bustamante, has filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967).[1] Olmos-Rodriguez has filed a written response in the form of a letter to this Court, which we will construe as the defendant's brief in this matter.[2] The government has declined to file a brief. We therefore base our conclusion on counsel's brief, Olmos-Rodriguez's letter, and our own review of the record.

In his *Anders* brief, counsel identified ineffective assistance of counsel as the only potential non-frivolous issue for consideration. Olmos-Rodriguez's letter to this Court seems to pursue this argument, stating that his trial counsel never advised him of his rights or reviewed his case with him. Reading Olmos-Rodriguez's letter liberally, it appears he is in fact seeking to have this Court review an ineffective assistance of counsel claim. However, ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. *U.S. v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

---

[1]*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. *Id.* The client may then raise any point he chooses, and the court thereafter must undertake a complete examination of all proceedings to determine whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Id.*

[2]We construe pleadings and other papers of *pro se* litigants liberally. *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

Ineffective assistance of counsel claims brought on direct appeal are almost always properly dismissed. *Id.* In order for this Court to effectively review such a claim, the district court should develop a factual record on the matter. *Id.*; *U.S. v. Boigegrain*, 155 F.3d 1181, 1186 (10th Cir. 1998) ("We are reluctant to hear claims of ineffective assistance advanced for the first time in this court because we work at a distinct disadvantage when we operate without the factual development and judicial reasoning afforded by lower court proceedings.").

Having reviewed the submissions of counsel and Olmos-Rodriguez, as well as the record in this case, we GRANT counsel's motion to withdraw[3] and DISMISS this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[3] Olmos-Rodriguez requests the appointment of new counsel. Since his appeal is dismissed, any request for the appointment of new appellate counsel is now moot.