FILED
United States Court of Appeals
Tenth Circuit

September 6, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JORGE GUERRERO-COTA,

      Defendant-Appellant.

No. 07-2004
(D.C. No. CR-06-612 MV)
(D. N.M.)

**ORDER AND JUDGMENT** [*]

Before **LUCERO, HARTZ**, and **GORSUCH**, Circuit Judges.

Jorge Guerrero-Cota pled guilty to re-entering the United States illegally after a previous deportation. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). The district court sentenced him to 77 months imprisonment, followed by three years of supervised release. On appeal, Mr. Guerrero-Cota's counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Guerrero-Cota subsequently filed a letter with this court, which we

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

construe as his response brief. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006); *see also Van Deelen v. Johnson*, __ F.3d __ , 2007 WL 2309778, at *1 n.1 (10th Cir. 2007) (Court filings prepared *pro se* are "entitled to a solicitous construction."). In his letter, Mr. Guerrero-Cota contends that he did not fully understand the sentencing process and that he received ineffective assistance of counsel. The government declined to file a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

\* \* \*

Mr. Guerrero-Cota, a native of Mexico who had been deported from the United States in 2004, was apprehended in New Mexico in December 2005 and charged with one count of illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a)(1)-(2). Because his prior deportation was subsequent to a conviction for an aggravated felony, Mr. Guerrero-Cota faced a possible prison sentence of up to 20 years, pursuant to 8 U.S.C. § 1326(b)(2). Although no plea agreement was made, Mr. Guerrero-Cota pled guilty to the one-count indictment.

Pursuant to the advisory United States Sentencing Guidelines ("Guidelines"), Mr. Guerrero-Cota's conviction carried a base offense level of 8. *See* U.S.S.G. § 2L1.2(a). But because he had been deported following a felony conviction for a crime of violence, the Guidelines recommended a 16-level enhancement. *See id.* § 2L1.2(b)(1)(A). Subtracting 3 levels for acceptance of

responsibility, Mr. Guerrero-Cota's final suggested offense level was 21. Additionally, because of numerous prior criminal convictions, Mr. Guerrero-Cota was classified at criminal history category level VI. That offense level and criminal history category produced a proposed Guidelines sentencing range of 77-96 months imprisonment.

Prior to sentencing, Mr. Guerrero-Cota's public defender filed a sentencing memorandum asking for a downward variance to 41-51 months. The memorandum argued that such a variance would be appropriate, pursuant to the sentencing factors set out in 18 U.S.C. § 3553(a), given the non-violent nature of Mr. Guerrero-Cota's illegal re-entry and in light of his need for substance abuse and mental health assistance, and it also contended that the Guidelines overstated the seriousness of Mr. Guerrero-Cota's criminal history. At the sentencing hearing, both Mr. Guerrero-Cota and his counsel made statements in support of a variance. Despite these statements, the district court chose not to grant a downward variance, and instead imposed a sentence of 77 months imprisonment – at the bottom of the Guidelines range.

* * *

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal

would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

In his *Anders* brief, counsel noted that this appeal would conceivably be meritorious only if (1) the guilty plea were not voluntary; (2) the sentence were unreasonable; or (3) Mr. Guerrero-Cota received ineffective assistance of counsel. In Mr. Guerrero-Cota's letter to this court, he contends that he indeed received ineffective assistance, and he asks the court to appoint new counsel to assist him in making a claim to that effect. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for any of these arguments.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); *see also* Fed. R. Crim. P. 11. The record indicates that the district court fulfilled the requirements set out in Rule 11 and those announced in *Gigot* to ensure the validity of the plea. *See* July 20, 2006, Plea Minute Sheet (indicating that the district court judge verified a factual basis for the plea, questioned the defendant and confirmed that

- 4 -

he fully understood the charges against him and the consequences of the plea, and otherwise ensured that the plea was freely, voluntarily, and intelligently made). Mr. Guerrero-Cota has failed to put forward any evidence or arguments that would place the plea's validity in doubt, and so any appeal on these grounds would be frivolous.

We also fail to find any non-frivolous grounds for appeal as to the reasonableness of the sentence. As counsel points out, the sentence that Mr. Guerrero-Cota received fell within both the statutory and the Guidelines ranges. As such, we accord a presumption of reasonableness to the sentence. *See Rita v. United States*, 127 S. Ct. 2456, 2462-63 (2007); *United States v. Garcia-Lara*, __ F.3d __, 2007 WL 2380991, at *3 (10th Cir. 2007). Bearing in mind the various sentencing factors set forth by Congress in 18 U.S.C. § 3553(a), we find no evidence indicating that the district court abused its discretion in any way in sentencing Mr. Guerrero-Cota. The district court acknowledged the non-mandatory nature of the Guidelines and gave thorough consideration to Mr. Guerrero-Cota's argument for a downward variance, but ultimately it decided that the Guidelines-recommended range was the most appropriate under the § 3553(a)

factors.[1]  We can find no evidence in the record to support a possible appeal of that sentence.

Finally, we find that it would be inappropriate at this time for us to consider Mr. Guerrero-Cota's claim of ineffective assistance of counsel.  As the Supreme Court has explained, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).  As such, we have held that the "vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction." *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).  The claim here presents no exception.  Indeed, we are confronted with the exact circumstances under which ineffective assistance claims *should* be dismissed, for we have before us neither a record that is sufficiently developed for the purpose of litigating such a claim nor an opinion of the district court on the issue.  We therefore dismiss Mr.

---

[1]  Among other things to this effect, the district court judge stated: "We do have some discretion now . . . .  But I am afraid that the Sentencing Guidelines in this case are a fair sentence . . . .  I thoroughly reviewed everything that I have received, but I don't believe that a *Booker* sentence outside of the Guidelines is appropriate here.  So, I've reviewed the presentence report factual findings, I've considered the Sentencing Guidelines applications, as well as the factors set forth in 3553(a)(1) through (7)." *See* Sentencing Hearing Transcript.

Guerrero-Cota's ineffective assistance claim without prejudice to subsequent efforts to raise it in collateral proceedings under 28 U.S.C. § 2255, and we also deny as moot his request for appointment of new counsel.

* * *

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge