FILED
United States Court of Appeals
Tenth Circuit

January 23, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANDREW MARK LAMAR,

      Plaintiff-Appellant,

v.

KATHLEEN BOYD, NP (No. 12547);
JOSEPH W. WRIGHT, Physician (No.
14549),

      Defendants-Appellees.

No. 12-1336
(D.C. No. 1:11-CV-01566-MSK-MJW)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Andrew Mark Lamar, a Colorado state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 complaint and seeks leave to appeal in forma pauperis (IFP). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I

In his complaint,[1] Lamar alleged that his Eighth Amendment rights were violated when the prison medical staff failed to appropriately care for his injuries caused by a fall after slipping on a prison facility shower lip and twisting his back. R. Vol. 1, at 8-9. Defendant Joseph Wright, a physician, examined Lamar and concluded that his back injury was muscular in nature. Id. at 9. Lamar disagreed and asserted that his injury was spinal rather than muscular. Lamar also alleged in his complaint that Wright was "[A]gitated," and "storm[ed] off" and said, "it's not like you broke your back." Id.

Thereafter, Lamar went for further treatment by Defendant Boyd, a nurse

---

[1] Originally, Lamar also asserted a § 1983 claim for Eighth Amendment violations against additional prison official defendants. R. Vol. 1, at 5-6. After finding that Lamar failed to sufficiently plead several defendants' personal participation, a magistrate judge ordered Lamar to amend his complaint to sufficiently allege the defendants' personal participation regarding his claims. Id. at 31-33. The magistrate judge also dismissed Defendant Colorado State Penitentiary on the basis of Eleventh Amendment immunity. Id. at 32-33. Thereafter, the magistrate judge concluded that Lamar's amended complaint did not remedy this error and dismissed Defendants Dave Ploughe, Phil DeFelice, and Susan Jones. Id. at 50. After this dismissal, only Lamar's Eighth Amendment claim asserted against Defendants Kathleen Boyd and Joseph Wright remained. Lamar did not appeal this order. Id. at 74.

2

practitioner. He alleged that she described his injury as "psizticz" and proposed a spinal shot as treatment. Id. "[S]cared" by this statement and proposed treatment, Lamar refused the shot. Id. He requested that Boyd reassign him to a "lower tier restriction," with a handicap-accessible cell and a new mattress. He also requested an x-ray of his back, but Boyd refused all these requests, and stated that maximum security inmates often "try to escape" when transported for x-rays. Id.

## II

This court reviews de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Khalik v. United Air Lines, 671 F.3d 1188, 1190-91 (10th Cir. 2012). Accordingly, all well-pleaded allegations of the complaint are accepted as true and viewed in a light most favorable to the nonmoving party. Federal Rule of Civil Procedure 8 requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While factual assertions are taken as true, legal conclusions are not. A plaintiff is "not required to set forth a prima facie case for each element, [but] is required to set forth plausible claims." Khalik, 671 F.3d at 1193. "A claim has facial plausibility when the [pleaded] factual content . . .

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Because Lamar filed his complaint pro se, we construe his pleadings liberally. See Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006).

III

A prison official's conduct will only amount to a violation of an inmate's Eighth Amendment rights if the inmate was deprived of a serious need and the official acted with deliberate indifference to that inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994). This requirement includes both an objective component, a serious medical need, and a subjective component, deliberate indifference. "A medical need is serious if it has been diagnosed by a doctor, or if it would be obvious to a layperson that doctor intervention was needed." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002). Here, the district court assumed that Lamar's injuries were a serious medical need and focused its analysis on whether Lamar had sufficiently pled the subjective element. R. Vol. 1, at 72.

The subjective component is not satisfied "unless the [prison] official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. A difference in medical opinion regarding treatment

4

does not amount to a constitutional violation. See Thompson, 289 F.3d at 1222 (concluding that a "medical difference of opinion . . . is not actionable under the Eighth Amendment"). Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

We agree with the district court that Lamar failed to sufficiently plead the subjective element of his claim. Lamar alleges in his complaint that Defendant Wright violated his constitutional rights by failing to properly diagnose him with a spinal injury. But this allegation amounts to a disagreement of diagnosis that does not rise to the level of a constitutional violation. Even if Wright was negligent in failing to categorize Lamar's injury as spinal, rather than muscular, such negligence would at most amount to medical malpractice, not an Eighth Amendment violation. Id. ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Nor does Wright's statement that "it's not like you broke your back" rise to the indifference required. While such a comment may be unnecessary, or even unhelpful, it does not demonstrate the "extraordinary degree of neglect" required to assert an Eighth Amendment violation. Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006).

We also agree with the district court's conclusion that Lamar failed to sufficiently plead the subjective element as to Defendant Boyd. In fact, her

5

actions as alleged in his complaint indicate a responsiveness to his complaints and a desire to treat Lamar's condition. While she refused his request for an x-ray, again, such action can at best be characterized as negligent, not deliberately indifferent. See Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) ("[T]he medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim."). Nor does her comment that maximum security inmates "try to escape" when x-rayed amount to a constitutional violation.

IV

Accordingly, we AFFIRM the district court's dismissal of Lamar's Eighth Amendment claim. We DENY Lamar's motion to proceed in forma pauperis and remind him of his obligation to pay in full the filing and docket fees. See Kinnell v. Graves, 265 F.3d 1125,1129 (10th Cir. 2001).

Entered for the Court

Mary Beck Briscoe
Chief Judge