FILED
United States Court of Appeals
Tenth Circuit

October 13, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDRE DESHAWN COOLEY,

     Plaintiff - Appellant,

v.

TOWN OF KIOWA; BRIAN BAILEY;
KIOWA POLICE DEPARTMENT;
KIOWA CHIEF OF POLICE,

     Defendants - Appellees.

No. 17-7019
(D.C. No. 6:16-CV-00520-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

After being issued a speeding ticket in Oklahoma, Plaintiff Andre Cooley neither

paid the ticket nor attended his hearing in municipal court. The court upheld the ticket,

imposed a fine, and suspended Plaintiff's driver's license. Plaintiff appealed the decision

in state court and filed suit in the United States District Court for the Eastern District of

Oklahoma alleging a deprivation of his right to due process. There does not appear to be

any dispute that the state-court appeal was pending when the federal suit was filed.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The federal court dismissed Plaintiff's suit on two grounds. First, it held that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), on the ground that Plaintiff's federal suit challenged a state-court judgment. In the alternative the court held that Plaintiff's claim is barred by the doctrines of claim preclusion and issue preclusion. Plaintiff filed a motion to reconsider, which the court denied. He appealed to this court; and exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

We review de novo the dismissal of a complaint for lack of subject-matter jurisdiction under *Rooker-Feldman*. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). "The *Rooker-Feldman* doctrine . . . provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Id.* The problem here is that there was no final state-court judgment when Plaintiff filed his federal case. We have held that a state-court proceeding pending on appeal when the federal suit is filed is not sufficiently "final" to trigger *Rooker-Feldman*. *See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) ("Osguthorpe filed its federal suit while its appeal of Judge Hilder's order was still pending before the Utah Supreme Court. Because the state-court proceedings are not final, the *Rooker-Feldman* doctrine cannot by itself bar the federal district court from hearing Osguthorpe's suit."); *Guttman v. Khalsa*, 446 F.3d 1027, 1029 (10th Cir. 2006) (*Rooker-Feldman* does not bar subject-matter jurisdiction when federal court complaint "was filed before the end of the state

2

courts' appeal process"). *Rooker-Feldman* thus did not bar district-court jurisdiction in this case.

A similar lack of finality undermines the district court's rulings on claim preclusion and issue preclusion. For those doctrines we look to the law of the state that issued the prior judgment to determine the judgment's preclusive effect. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("The Full Faith and Credit Act, 28 U.S.C. § 1738 . . . , requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." (internal quotation marks omitted)). The Oklahoma Supreme Court has described the preclusion doctrines as follows:

> The doctrine of *res judicata*, or claim preclusion, operates to bar the relitigation of issues by the parties or their privies which were or could have been litigated in an action which resulted in a final judgment on the merits. The doctrine of collateral estoppel, or issue preclusion, is activated when an ultimate issue has been determined by a valid and final judgment—that question cannot be relitigated by parties, or their privies, to the prior adjudication in any future lawsuit.

*Carris v. John R. Thomas & Assocs., P.C.*, 896 P.2d 522, 527 (Okla. 1995) (footnotes omitted). Thus, both doctrines require a final judgment. And under Oklahoma law a disposition is not a final judgment until the time to file an appeal has passed or any appeal has been disposed of. *See State ex rel. Derryberry v. Kerr-McGee Corp.*, 516 P.2d 813, 820 (Okla. 1973) ("Generally, a judgment is not final in the sense that it is conclusive upon the parties until the losing party has failed within the time allowed by law to perfect his appeal, or having properly perfected his appeal until the highest court whose decision is invoked by either party upholds the decision of the trial court.");

3

*Grider v. USX Corp.*, 847 P.2d 779, 784 (Okla. 1993) ("While the definition of 'final' has taken on different meanings in different contexts, we have consistently held to the rule that a final adjudication is either one in which no appeal has been taken and the time for appeal has run or one in which an appeal has been filed and acted upon by the appellate court."). When the district court issued its judgment, the appeal in Plaintiff's state-court action was apparently still pending, so dismissal under the doctrines of claim preclusion and issue preclusion was improper.

We **REVERSE** the district court's dismissal and **REMAND** for further proceedings.

Entered for the Court


Harris L Hartz
Circuit Judge