**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD E. JOHNSON,

      Plaintiff - Appellant,

v.

DEREK SCHMIDT, Attorney General for
the State of Kansas; JENNIFER L.
MYERS, Judge, Wyandotte County
District Court; R. WAYNE LAMPSON,
Chief Judge, Wyandotte County District
Court; DEXTER BURDETTE, Chief
Judge, Wyandotte County District Court;
LAWTON NUSS, Chief Justice, Kansas
Supreme Court; LEE JOHNSON, Justice,
Kansas Supreme Court; STEPHEN D.
HILL, Justice, Kansas Court of Appeals;
KIM R. SCHROEDER, Justice, Kansas
Court of Appeals; GORDON ATCHESON,
Justice, Kansas Court of Appeals;
JEROME GORMAN, Assistant District
Attorney/District Attorney, Wyandotte
County District Attorney's Office;
DANIEL OBERMIER, Assistant District
Attorney, Wyandotte County District
Attorney's Office; MARK DUPREE,
District Attorney, Wyandotte County
District Attorney's Office; DON ASH,
Sheriff, Wyandotte County Sheriff's
Department; ROGER WERHOLTZ,
Secretary of Corrections, Kansas
Department of Corrections; RAY
ROBERTS, Secretary of Corrections,
Kansas Department of Corrections;
JOHNNIE GODDARD, Secretary of
Corrections, Kansas Department of
Corrections; JOE NORWOOD, Secretary
of Corrections, Kansas Department of

No. 20-3168
(D.C. No. 5:20-CV-03017-SAC)
(D. Kan.)

Corrections; JEFF ZMUDA, Secretary of Corrections, Kansas Department of Corrections; JEFF COWGER, Chief Legal Counsel, Kansas Department of Corrections; JOHN/JANE DOE (1), Sentence Computation State Employees, Kansas Department of Corrections; S. SCRIBNER, ReEntry Department, Kansas Department of Corrections; JOHN/JANE DOE (2), ReEntry State Employees, Kansas Department of Corrections; JOHN/JANE DOE (3), ReEntry State Employees, Kansas Department of Corrections,

       Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiff-Appellant Ronald E. Johnson, who is in the custody of the Kansas Department of Corrections, brings this *pro se* civil rights appeal under 42 U.S.C. § 1983. Johnson appeals the district court's dismissal of his complaint for failure to state a claim, arguing that Kansas state courts' denial of his habeas corpus petition ignored a statutory provision that he believes mandates the adjustment of his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"hard 50" sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal of the complaint for failure to state a claim.

**I**

In 2003, Johnson was sentenced to life in prison without the possibility of parole for 50 years (known as a "hard 50" sentence) pursuant to what was then K.S.A. 21-4635 (now K.S.A. 21-6620). After several habeas corpus petitions in Kansas state courts that were denied and affirmed on appeal, Johnson filed this § 1983 claim on January 15, 2020, seeking monetary damages and a modification of his sentence. The complaint named the following defendants: eight state court judges, the state attorney general, the district attorney, two assistant district attorneys, the Wyandotte County Sheriff, nine KDOC employees, and legal counsel for KDOC.

The crux of Johnson's claim before the district court was that the Kansas state courts erred in denying his habeas corpus petition because the courts incorrectly ruled that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99, 103 (2013)—which held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"—did not apply retroactively to Johnson's sentence, which became final before *Alleyne*. He also invoked K.S.A. 21-6628(c) (formerly K.S.A. 21-4639(c)), a "fail-safe" provision in Kansas sentencing law that mandates courts to re-sentence defendants in the event the statute authorizing the defendant's mandatory sentence is held unconstitutional.

In a May 5, 2020 order, the district court directed Johnson to show cause why his complaint should not be dismissed because Johnson sought monetary relief from

3

defendants who were immune from suit and because Johnson sought release from incarceration, despite the district court previously advising him that such relief must be sought in a habeas action. Johnson filed a response and a proposed amended complaint.

The district court ultimately dismissed Johnson's complaint for failure to state a claim after determining that his response to the show cause order and proposed amended complaint failed to cure the deficiencies set forth in the court's prior order. Specifically, the district court held that Johnson's challenge to his sentence was not a cognizable § 1983 claim and the defendants were all entitled to either qualified or absolute immunity. The district court additionally concluded that, at any rate, it did not have jurisdiction to hear Johnson's challenge to the Kansas state court rulings. This timely appeal followed.

**II**

On appeal, Johnson presses the same theory he raised before the district court. He again points to K.S.A. 21-6628(c), which says

> In the event the mandatory term of imprisonment or any provision of chapter 341 of the 1994 Session Laws of Kansas authorizing such mandatory term is held to be unconstitutional by the supreme court of Kansas or the United States supreme court, the court having jurisdiction over a person previously sentenced shall cause such person to be brought before the court and shall modify the sentence to require no mandatory term of imprisonment and shall sentence the defendant as otherwise provided by law.

4

Johnson maintains that this provision mandates the modification of his sentence, since the procedures for the "hard 50" sentence in effect at the time he was sentenced in 2003 allowed a judge, rather than a jury, to find aggravating facts that increased the mandatory minimum sentence. Johnson correctly notes that the Kansas Supreme Court, following the Supreme Court's decision in *Alleyne*, held that this sentencing procedure violated the Sixth Amendment. *State v. Soto*, 322 P.3d 334 (Kan. 2014). But Johnson further contends that the Kansas Supreme Court's decision in *Kirtdoll v. State*, 393 P.3d 1053, 1057 (Kan. 2017), which held that "*Alleyne* cannot be applied retroactively to cases that were final when *Alleyne* was decided," is superseded by the legislative command of K.S.A. 21-6628(c). Before addressing that argument, we identify several reasons why Johnson fails to state a claim.

As a threshold matter, the district court correctly held that it lacked jurisdiction to consider Johnson's challenge to the Kansas state court decisions. Under the *Rooker-Feldman* doctrine, "only the Supreme Court has jurisdiction to hear appeals from final state court judgments. Federal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (citation omitted).

Next, to the extent Johnson challenges the validity of his sentence, such an action is not cognizable as a § 1983 claim. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added). And to the extent Johnson seeks money

5

damages based on an invalid sentence, his claim is barred unless he first shows that "[his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Johnson has not made that required preliminary showing here. Accordingly, "[his] claim for damages . . . is not cognizable under § 1983." *Id.*

At any rate, Johnson cannot overcome the immunity defenses applicable to each named defendant. On appeal, Johnson mainly focuses on the judicial defendants, arguing they improperly ignored K.S.A. 21-6628(c). But "a state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). The district court correctly concluded that Johnson alleges no facts suggesting that the defendant judges acted outside of their judicial capacity.

Even if Johnson could overcome those hurdles, his invocation of K.S.A. 21-6628(c) is unavailing. The Kansas Supreme Court has recently foreclosed the application of K.S.A. 21-6628(c) in the manner Johnson urges. While this appeal was pending, the Kansas Supreme Court held that K.S.A. 21-6628(c) "[b]y its clear and unequivocal language . . . applies only when the term of imprisonment or the statute authorizing the term of imprisonment are found to be unconstitutional." *State v. Coleman*, 472 P.3d 85, 92 (Kan. 2020). Neither of those situations are presented here.

6

*Alleyne* and *Soto* held only that the "procedural framework by which the enhanced sentence was determined" was unconstitutional. *Id.* Those cases did not cast any doubt on the substantive sentence Johnson received. Indeed, "hard 50 sentences have never been determined to be categorically unconstitutional." *Id.* Accordingly, the "fail-safe" provision of K.S.A. 21-6628(c) requiring sentence modification is not triggered here. *See id.*

## III

For those reasons, we AFFIRM the district court's dismissal of Johnson's complaint for failure to state a claim.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

7