**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**April 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SEAN ROGERS,

    Plaintiff - Appellant,

v.

TERRY BROWN; BOOT HILL
NIGHT CLUB,

    Defendants - Appellees.

No. 24-8075
(D.C. No. 2:24-CV-00163-KHR)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.**
_____

Sean Rogers, a state prisoner proceeding pro se, appeals the district

court's dismissal of his complaint for frivolity and failure to state a claim

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

On August 28, 2024, Rogers filed a complaint against the Boot Hill Night Club and its owner, Terry Brown, in the United States District Court for the District of Wyoming. The district court construed his complaint to fall under 42 U.S.C. § 1983 because Rogers asserted the defendants violated his constitutional rights. Rogers essentially claimed that the defendants had caused him to be convicted of a crime because they illegally permitted a minor to enter the Boot Hill Night Club. He thus claimed that he was "robbed of 17 years of [his] life due to willful and wanton illegal [deprivation] of life, liberty, and property without equal protection of the law." R. at 6.

On August 30, 2024, the district court screened the complaint under 28 U.S.C. § 1915A, and because Rogers sought to proceed in forma pauperis, the district court dismissed the complaint for frivolity and failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."). It concluded that dismissal on such grounds was appropriate because the defendants are private actors, not state actors, and

2

thus cannot be held liable in a section 1983 action. *See* 42 U.S.C. § 1983 (requiring a defendant to be acting "under color of" state law). It further concluded that amendment of the complaint would be futile because Rogers's "failures are foundational to his claims, rather than factual or pleading insufficiencies." R. at 15. Because it dismissed the case, the district court also imposed a "strike" under 28 U.S.C. § 1915(g).

Rogers moved for reconsideration on September 6, 2024, arguing that the defendants were acting under color of state law given their liquor and business licenses. The district court denied the motion, concluding that such licenses do not transform private actors into state actors under Supreme Court precedent.

Rogers again moved for reconsideration on September 20, 2024, this time requesting leave to amend his complaint. On October 3, 2024, the district court denied his motion and concluded that amendment would be futile given the basis of his complaint. In its order, the district court noted that it would "not entertain" any further motions for reconsideration and would instead "summarily deny" them. *Id.* at 24.

On October 15, 2024, Rogers moved to amend his complaint. In this motion, Rogers stated that he never specified he was bringing his complaint under section 1983, but that he would name the State of Wyoming as a defendant if granted leave to amend his complaint. The district court denied

3

the motion, concluding that Rogers had "improperly and without any support or justification [sought] to file a completely new and unrelated action." *Id.* at 27. Rogers timely filed his notice of appeal on October 25, 2024.[1]

## II.  STANDARD OF REVIEW

We review de novo a district court's dismissal of a complaint under section 1915(e)(2)(B)(ii), accepting the allegations as true and viewing them in the light most favorable to Rogers. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Rogers filed his complaint pro se, we also construe his pleadings liberally. *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

## III.  DISCUSSION

To state a claim under section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that the alleged deprivation was committed by a person acting *under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added) (citations omitted). The state actor requirement is a

---

[1] The notice of appeal is timely as to the district court's dismissal of the case because the district court did not enter judgment in a separate document, so the time to file a notice of appeal did not begin to run until 150 days after August 30, 2024. *See* Fed. R. App. P. 4(a)(7)(A)(ii), (a)(7)(B); Fed. R. Civ. P. 58(a), (c)(2). The notice of appeal is also timely as to the denial of his motions because the time to file a notice of appeal did not begin to run until the district court ruled on them. *See* Fed. R. App. P. 4(a)(4)(A).

4

"jurisdictional requisite for a [section] 1983 action, which . . . furthers the fundamental goals of preserving an area of individual freedom by limiting the reach of federal law . . . and avoiding imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) (internal quotation marks and citation omitted).

"The traditional definition of acting under color of state law requires that the defendant in a [section] 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citation omitted). "The authority with which the defendant is allegedly 'clothed' may be either actual or apparent." *Jojola*, 55 F.3d at 493. We thus must find that the conduct allegedly causing the deprivation of a federal right was "fairly attributable to the State." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Rogers does not explain how the defendants are state actors, nor does he demonstrate that an exception to the state actor rule should apply. Rogers merely reiterates his argument that a liquor license transformed the defendants into state actors, but this argument is unavailing. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 177 (1972) ("[T]he operation of the

regulatory scheme enforced by the [State] Liquor Control Board does not sufficiently implicate the State in the discriminatory guest policies of [a private club] to make the latter 'state action[.]'"). We furthermore fail to see how amendment of the complaint would not be futile since Rogers essentially blames the defendants for his conviction. As such, Rogers has failed to show how the district court erred in dismissing his complaint. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[W]e cannot fill the void by crafting arguments and performing the necessary legal research" for pro se litigants. (citation omitted)).

## IV.  CONCLUSION

Because Rogers fails to show the existence of a reasoned, nonfrivolous argument, we **AFFIRM** the dismissal of his complaint, **DENY** his motion to proceed in forma pauperis, and direct Rogers to pay his filing fee in full. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Richard E.N. Federico
Circuit Judge