**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUSTIN RUEB, a/k/a Justin J. Rueb, a/k/a Justin Joseph Rueb,

      Plaintiff - Appellant,

v.

PATRICK JAMES MCCARVILLE; JACQUELYNN N. RICH-FREDERICKS; AMY CHRISTINE COLONY; JENNIFER L. WHITE; THE LAW FIRM OF PATTERSON RIPPLINGER, P.C.,

      Defendants - Appellees.

_____

JUSTIN RUEB, a/k/a Justin J. Rueb and Justin Joseph Rueb,

      Plaintiff - Appellant,

v.

JACQUELYNN NICHOLE RICH-FREDERICKS; PATRICK JAMES MCCARVILLE; AMY CHRISTINE COLONY; JENNIFER L. WHITE; THE LAW FIRM OF PATTERSON RIPPLINGER, P.C.,

      Defendants - Appellees.

No. 25-1135
(D.C. No. 1:24-CV-03156-LTB-RTG)
(D. Colo.)

No. 25-1138
(D.C. No. 1:24-CV-03152-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Justin Rueb, a Colorado prisoner proceeding pro se,[1] appeals the dismissals of two civil actions he brought under 42 U.S.C. § 1983 against several attorneys who were involved, in some way, in one or more state cases in which he was a party, including a criminal case against him and subsequent state cases brought by him alleging legal malpractice claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2006, Mr. Rueb was the defendant in a state criminal case. Patrick McCarville, a Colorado public defender, represented him. Mr. Rueb alleged Mr. McCarville overlooked a defense related to alleged speedy trial violations and that this mistake deprived Mr. Rueb of a "guaranteed opportunity" to secure

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Rueb proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

dismissal of the criminal case. R. (24-1138) at 7. After a jury convicted him in the criminal case and the judge imposed a 48-year sentence, Mr. Rueb sued Mr. McCarville in state court in 2012, alleging legal malpractice. Jacqueline Rich-Fredericks represented Mr. McCarville in that case, which the state court dismissed.

Mr. Rueb then brought another lawsuit in state court in 2019, this time including as defendants Ms. Rich-Fredericks and Mr. McCarville, alleging they conspired to violate his rights in the 2012 case by improperly disclosing certain of his psychological records during discovery. Amy Colony, an attorney for the Colorado Attorney General's office, represented the defendants in the 2019 lawsuit. A court dismissed the 2019 lawsuit, and the Colorado Court of Appeals affirmed the dismissal.

Mr. Rueb then sued Ms. Colony, Ms. Rich-Fredericks, and Mr. McCarville in 2021, alleging the three of them had conspired to commit litigation fraud in the 2012 and 2019 civil cases. Jennifer White, an attorney for Patterson Ripplinger, P.C., was defense counsel in the 2021 civil case.

In the instant § 1983 cases, Mr. Rueb collected as defendants each attorney involved in the state civil malpractice cases, adding Ms. White and her firm, Patterson Ripplinger. He alleged seven causes of action in 25-1138:

> (1) "Civil Conspiracy to Utilize the Torts of 'Abuse of Process' and 'Fraud Upon the Court', by the Defendants, as a 'Tool' to Secure a Fraudulently-Obtained, Wrongful, Dismissal of Las Animas County District Court Case No. (2019CV4),"

3

(2) "Abuse of Process,"

(3) "Fraud Upon the Court (Colo. R. Civ. P. 60(b)),"

(4) "Unjust Enrichment,"

(5) "Extreme and Outrageous Conduct,"

(6) "Deprivation of a Cause of Action (1st & 14th Amend., U.S. Const.; via 42 U.S.C. § 1983)," and

(7) "Defamation."

R. (25-1138) at 42 (quoting complaint, *id.* at 29–31). In 25-1135, Mr. Rueb alleged the same causes of action against the same defendants, except without the counts of abuse of process and extreme and outrageous conduct. *See* R. (25-1135) at 6. A magistrate judge issued a report and recommendation in each case recommending dismissal for, among other reasons, lack of jurisdiction based on the *Rooker-Feldman* doctrine.[2] Mr. Rueb objected, but the district court agreed with the recommendations and dismissed the complaints for lack of jurisdiction. These appeals followed.

"We review the district court's dismissal for lack of subject matter jurisdiction de novo . . . ." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (italics omitted). Under *Rooker-Feldman*, "[f]ederal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). "A federal claim is inextricably intertwined with a state-court judgment if that judgment caused, actually

---

[2] The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

and proximately, the injury for which the federal-court plaintiff seeks redress." *Id.* at 642 (internal quotation marks and emphasis omitted). The magistrate judge concluded Mr. Rueb's "complaint is . . . barred by *Rooker-Feldman* because the essence of each claim is 'that the state court wrongfully entered its judgment.'" R. (25-1135) at 47 (quoting *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012)); R. (25-1138) at 44 (same).

On appeal, Mr. Rueb asserts his claims do not target the propriety of the various Colorado civil and criminal judgments against him, but instead merely challenge the actions of the defendants that induced those judgments. This purported distinction is untenable. Mr. Rueb's complaints sought redress for injuries caused by state court judgments, including the mental distress caused by his incarceration and the financial losses stemming from his unsuccessful state court civil suits. The complaints are therefore inextricably intertwined with the state court judgments, *Bear*, 451 F.3d at 642, and the district court correctly dismissed the complaints as barred by *Rooker-Feldman*.

We affirm the judgments of the district court. We grant Mr. Rueb's motions to proceed without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge