**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREG ANDERSON,

Plaintiff-Appellant,

v.

DANIEL W. KITCHEN; SAND BAY,
LLC.; SUN LAKE, LLC.; ORCHID
BEACH, LLC.; ROOSEVELT HILLS,
LLC.; JAMES L. AHLSTROM;
CLARK A. MCCLELLAN; TERRY E.
WELCH; LYNN KITCHEN; GARY
KITCHEN; MATHEW J. KITCHEN;
MARK R. KITCHEN,

Defendants-Appellees.

No. 09-4229
(D.C. No. 2:09-CV-00362-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **O'BRIEN**,
Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Greg Anderson appeals from the district court's order dismissing his civil rights suit against the defendants. He brought the action pursuant to 42 U.S.C. § 1983, alleging that the defendants had wrongfully and unconstitutionally procured a state court eviction order against him. The district court dismissed the action because it concluded that the defendants, who are private parties, could not fairly be said to be state actors for purposes of § 1983 or the Fourteenth Amendment. We agree, and therefore affirm the dismissal.

## BACKGROUND

In his First Amended Verified Complaint, Mr. Anderson alleged that he was the purchaser of a home from defendant Daniel W. Kitchen under a Real Estate Purchase Contract (REPC). He contended that notwithstanding his rights under the REPC and his performance of its terms, a Utah state district court wrongfully entered an eviction order granting possession of the home to Mr. Kitchen. Mr. Anderson offered two explanations for this unfavorable state court result. First, he alleged the defendants misrepresented facts and law in the eviction proceeding to obtain the order. Alternatively, he contended that "[t]hrough information and belief there is some type of collusion and/or quid pro quo going on between Defendant Clark McClellan, his law firm and [state court] Judge Anderson in numerous actions in the Eighth District Court." R. at 90.

Mr. Anderson did not sue Judge Anderson, the state court judge who ordered the eviction, because he rightly recognized that Judge Anderson had

-2-

judicial immunity. But his complaint did rely heavily on what happened in Judge Anderson's courtroom. Specifically, he alleged a denial of procedural due process in connection with the eviction. Because of defendants' misrepresentations, he charged, the state court had (1) denied Mr. Anderson's motion to dismiss; (2) failed to permit him to prove that the house was paid for; and (3) failed to permit him to file an answer to the eviction complaint. *Id.* at 77.[1]

Prior to filing his federal court complaint, Mr. Anderson attempted to appeal Judge Anderson's eviction ruling to the Utah Court of Appeals. But that court dismissed his appeal for lack of jurisdiction because it concluded that the eviction order was not a final, appealable judgment. Thus, state proceedings between the parties remained ongoing at the time Mr. Anderson filed his federal § 1983 action.

The defendants subsequently filed a motion to dismiss the federal action, on three grounds. They contended the action was barred by Utah's judicial proceedings privilege; that there was no state action present to invoke federal question jurisdiction; and that the federal district court should abstain from

---

[1]    In addition to his procedural due process claim, Mr. Anderson contends that his complaint states constitutional claims for deprivation of a liberty interest, unconstitutional seizure, and denial of equal protection, all based on the wrongfully-obtained eviction order. Aplt. Opening Br. at 12, 18-24. To the extent that a liberal construction of his pro se complaint could be viewed to include these claims, they fail for the same reasons as his procedural due process claim.

hearing the case pending the outcome of the state court litigation.[2]  The district

court dismissed the action based on lack of "state action." It also declined to

exercise supplemental jurisdiction over Mr. Anderson's state law claims.

## ANALYSIS

We review de novo the district court's order granting the defendants'

motion to dismiss.  *See Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227

(10th Cir. 2004).  We construe Mr. Anderson's pro se complaint liberally.  *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"Section 1983 provides a federal cause of action against any person who,

acting under color of state law, deprives another of his federal rights."  *Conn v.*

*Gabbert*, 526 U.S. 286, 290 (1999).  Liability attaches only to conduct occurring

under color of state law, and conduct constituting "state action" under the

Fourteenth Amendment satisfies this requirement.  *Lugar v. Edmondson Oil Co.*,

457 U.S. 922, 935 & n.18 (1982).  "[T]he under-color-of-state-law element of

§ 1983 excludes from its reach merely private conduct, no matter how

---

[2]      The defendants sought abstention under the *Colorado River* doctrine,
*see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976),
based on a separate action Mr. Anderson had filed in Utah state court containing
many of the same claims he has asserted in this action.  We discern no abuse of
discretion in the district court's decision to reach the merits of Mr. Anderson's
federal constitutional claims rather than dismissing or staying this action under
*Colorado River*.  *See Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)
(applying abuse of discretion standard to review of district court's decision
concerning *Colorado River* abstention).

discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Private conduct constitutes state action, however, if it is "fairly attributable to the State." *Lugar*, 457 U.S. at 937; *see also Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

The actions by defendants that Mr. Anderson complains of do not satisfy either of the *Lugar* conditions. He does not contend that the Utah eviction statutes are themselves unconstitutional. Instead, he alleges only a private misuse of state laws, undertaken by parties who allegedly misled a state court judge. The actions taken by defendants to mislead Judge Anderson did not represent the "exercise of some right or privilege created by the State," *id.*; rather, their alleged actions, which Anderson contends were unlawful under state law, *violated* state policy. Their conduct cannot therefore be attributed to the State, and consequently it fails the first prong of *Lugar*. *See Yanaki v. Iomed, Inc.*, 415 F.3d

1204, 1209 (10th Cir. 2005). We further note that "[t]o hold otherwise would open the door wide to every aggrieved litigant in a state court proceeding, and set the federal courts up as an arbiter of the correctness of every state decision." *Id.* (internal quotation marks and brackets omitted).

Nor do the defendants' actions satisfy the second *Lugar* condition. They were not "state actors." First, although Mr. Anderson has named as defendants the attorneys who opposed him in the eviction proceeding, the "vast weight of authority" holds that "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983). Second, while state action can be "present if a private party is a 'willful participant in joint action with the State or its agents,'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)), "the mere acquiescence of a state official in the actions of a private party is not sufficient," *id.* (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 164 (1978)). "[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Again, defendants' actions in allegedly misleading a state court judge did not constitute joint action between defendants and the judge. Nor does Mr. Anderson present any other basis from which we could conclude

that defendants' conduct is "otherwise chargeable to the State." *Lugar*, 457 U.S. at 937.

As noted, Mr. Anderson alleged alternatively in his complaint that defendants acted in collusion with Judge Anderson to seize his property. To the extent that he thereby attempted to plead a conspiracy to deprive him of his constitutional rights, his complaint also failed to state a claim under § 1983. "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Scott*, 216 F.3d at 907 (internal quotation marks omitted). Such facts are conspicuously absent from Mr. Anderson's complaint.

Finally, Mr. Anderson challenges the dismissal of his supplemental state claims. In accordance with 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." *See also Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any

remaining state claims."). We discern no abuse of discretion in the district court's dismissal of the supplemental state claims.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge