**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREG ANDERSON,

    Plaintiff - Appellant,

v.

GARY HERBERT; SEAN REYES;
The THIRD DISTRICT COURT;
The EIGHTH DISTRICT COURT;
The UTAH COURT OF APPEALS;
CLARK A. MCCLELLAN, in both his
individual and official capacity; DANIEL
KITCHEN; JAMES L. AHLSTROM;
TERRY WELCH; LYNN KITCHEN;
GARY KITCHEN; MATTHEW J.
KITCHEN; MARK R. KITCHEN;
SAND BAY LLC.; SUN LAKE LLC.;
ORCHID BEACH LLC.; ROOSEVELT
HILLS LLC,

    Defendants - Appellees.

No. 17-4200
(D.C. No. 2:15-CV-00083-RJS-DBP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **CARSON**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Greg Anderson, proceeding pro se, appeals from the district court's dismissal of his claims in this civil-rights action. Exercising jurisdiction under 28 U.S.C. § 1291, we hold that the district court erred in concluding that the *Rooker-Feldman* doctrine[1] deprived it of jurisdiction over this matter. But we affirm the judgment in favor of defendants on other grounds supported by the record.

## I.    Background

In June 2005, Mr. Anderson and Daniel Kitchen entered into a Real Estate Purchase Contract concerning a certain house owned by the Kitchen family and/or the Kitchen family's entities. (Defendants Daniel Kitchen, Lynn Kitchen, Gary Kitchen, Matthew J. Kitchen, Mark R. Kitchen, Sand Bay LLC, Sun Lake LLC, Orchid Beach LLC, and Roosevelt Hills LLC are collectively referred to as the "Private-Party Defendants.") From July 2005 to December 2008, Mr. Anderson lived in the house, spending time and money fixing it up. Mr. Anderson contends that he purchased and paid for the house with his improvements. He also contends that he and the Kitchen family entered into a partnership for engaging in various real estate projects.

In September 2008, Daniel Kitchen filed suit in Utah's Eighth District Court to evict Mr. Anderson from the house. The court ruled in favor of Mr. Kitchen and against Mr. Anderson. Defendants Clark A. McClellan, James L. Ahlstrom, and Terry Welch (collectively, the "Private-Party Attorney Defendants") were

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Mr. Kitchen's attorneys in the Eighth District suit. An eviction order issued in December 2008, but final judgment was not entered until June 16, 2015. The Eighth District Court then had before it several post-judgment motions, which it denied on April 7, 2016. Mr. Anderson did not appeal from the decision.

While the Eighth District suit was ongoing, Mr. Anderson filed several other federal and state actions. First, in April 2009, he filed a suit in federal court in which his federal-law claims were dismissed for failure to state a claim and his state-law claims were dismissed without prejudice. *See Anderson v. Kitchen*, 389 F. App'x 838, 840 (10th Cir. 2010). This court affirmed. *Id.* at 842. Second, in June 2011, he filed a complaint in Utah's Third District Court. The court ruled in favor of the Private-Party Attorney Defendants on April 13, 2016, and in favor of the Private-Party Defendants on May 31, 2016. The Utah Court of Appeals affirmed on August 31, 2016. And third, in November 2014, he filed another unsuccessful state action, again in the Third District Court. That judgment was final in July 2015, and Mr. Anderson did not appeal.

On February 5, 2015, Mr. Anderson filed another federal complaint to commence the instant litigation. This complaint named as defendants Utah's governor, Gary Herbert, and its Attorney General, Sean Reyes, as well as the Third and Eighth District Courts.

On April 6, 2016, Mr. Anderson filed a separate federal suit against the Private-Party Defendants and the Private-Party Attorney Defendants (including claims against Mr. McClellan in his individual capacity and his official capacity—

3

Mr. McClellan had been appointed as a Utah state judge after the Eighth District suit). In December 2016, the district court consolidated the two proceedings and ordered Mr. Anderson to file a consolidated complaint. He did so in January 2017, at that time adding as a defendant the Utah Court of Appeals.

The defendants all moved to dismiss on various grounds. The magistrate judge recommended granting dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine. He also recommended granting dismissal because neither the Private-Party Defendants nor the Private-Party Attorney Defendants acted under color of state law; the Private-Party Attorney Defendants were entitled to the judicial proceedings privilege; the state court defendants were entitled to Eleventh Amendment immunity and were not "persons" under 42 U.S.C. § 1983; defendants Herbert and Reyes were not constitutionally required to conduct investigations of the judicial system, as Mr. Anderson alleged; Mr. Anderson's claims for injunctive and declaratory relief against Mr. Herbert and Mr. Reyes failed; and certain claims were barred by the applicable statutes of limitation.

Mr. Anderson filed objections to the report and recommendation. The district court rejected his objections and applied the *Rooker-Feldman* doctrine. It also discussed the other grounds for dismissal that the magistrate judge had identified. After the district court entered judgment for the defendants, Mr. Anderson filed a Fed. R. Civ. P. 59 motion and then a Fed. R. Civ. P. 60(b) motion, both of which the district court denied. Mr. Anderson now appeals. Because he proceeds pro se, we construe his filings liberally. *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

4

## II.     Analysis

**A.     *The Rooker-Feldman* Doctrine does not apply because the state court proceedings were not final at the time Mr. Anderson filed his federal action.**

"The *Rooker-Feldman* doctrine . . . provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Id.*  *Rooker-Feldman* is a matter of subject-matter jurisdiction that we review de novo.  *See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013). We agree with Mr. Anderson that the *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction.

The Supreme Court has explained that the *Rooker-Feldman* doctrine was not intended to create "a wide-reaching bar on the jurisdiction of lower federal courts," and that its "cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule." *Lance v. Dennis*, 546 U.S. 459, 464 (2006).  Importantly, the doctrine applies only in federal cases brought after the state proceedings have ended. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)  ("The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by *state-court judgments rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments." (emphasis added)).  When a plaintiff files his federal case before the state proceedings have ended, "the *Rooker-Feldman* doctrine does not apply and the district court did have subject matter jurisdiction." *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir.

5

2006); *see also D.A. Osguthorpe Family P'ship*, 705 F.3d at 1232; *Bear*, 451 F.3d at 641-42.

This litigation began on February 5, 2015, when Mr. Anderson filed his initial federal complaint against Mr. Herbert, Mr. Reyes, and the Third and Eighth District Courts. *Rooker-Feldman* was inapplicable because the Eighth District case did not become final until April 7, 2016; the first Third District case continued through August 31, 2016, when Mr. Anderson lost his appeal; and the second Third District case was final on July 6, 2015.

We recognize that the district court consolidated the initial February 2015 action with a second federal suit filed on April 6, 2016, against the Private-Party Defendants and the Private-Party Attorney Defendants. These circumstances, however, do not alter the *Rooker-Feldman* analysis. Only the second Third District case was final by April 6, 2016, and Mr. Anderson's claims with regard to each proceeding seem intertwined. So finality remains an issue even measuring from April 6, 2016, with regard to the Private-Party Defendants and the Private-Party Attorney Defendants.

The Private-Party and Private-Party Attorney Defendants urge us to rely on the January 2017 filing of the consolidated complaint, rather than the filing of the initial complaint.[2] We decline to do so. "[I]f a federal court has properly invoked subject

_____

[2] Also, the judicial defendants assert, without citation, that "[a]t the very least the [*Rooker-Feldman*] doctrine applies to claims against the Utah Court of Appeals because the first time Mr. Anderson made claims against that court was in the

(continued)

6

matter jurisdiction at the time of the initial federal complaint, the *Rooker-Feldman* doctrine cannot spring into action and eliminate jurisdiction merely because an amended complaint is filed." *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 n.3 (11th Cir. 2013).

## B.    Alternative Grounds for Affirmance

The district court's error in applying *Rooker-Feldman* "does not end our inquiry into the appropriateness of the federal district court's dismissal.  It is well-established that we are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *D.A. Osguthorpe Family P'ship*, 705 F.3d at 1231 (internal quotation marks omitted).

The district court identified several alternative grounds for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  We review these grounds de novo.  *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011) (Rule 12(b)(1)); *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) (Rule 12(b)(6)).

---

amended complaint." Judicial Defs. Resp. Br. at 8.  We need not decide whether this circumstance alters our analysis, however, because the Utah Court of Appeals is entitled to Eleventh Amendment immunity.  "[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks omitted).

### 1.    Private-Party Defendants and Private-Party Attorney Defendants

#### a.    Federal-Law Claims

Mr. Anderson alleged violations of the Fourteenth and Fourth Amendments and 42 U.S.C. § 1983.  To proceed with these claims, he had to show that defendants acted under color of state law (§ 1983), *see West v. Atkins*, 487 U.S. 42, 48 (1988), or that defendants' conduct constituted state action, *see United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (Fourth Amendment); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (Fourteenth Amendment).  The district court held that he failed to satisfy this requirement as to the Private-Party Defendants and the Private-Party Attorney Defendants.  We agree, and for substantially the reasons discussed in Mr. Anderson's prior appeal, *see Anderson*, 389 F. App'x at 840-41, we affirm the dismissal of the federal claims against the Private-Party Defendants and the Private-Party Attorney Defendants for failure to adequately allege state involvement.

#### b.    State-Law Claims

In addition to his federal-law claims, Mr. Anderson sets forth fifteen pendent state-law claims directed toward the Private-Party Defendants and/or the Private-Party Attorney Defendants.  These claims are time-barred.

The state-law claims are governed by limitation periods of, at most, four years.  *See* Utah Code Ann. § 78B-2-305 (three-year limitations period "for taking, detaining, or injuring personal property," "for relief on the ground of fraud or mistake," and "for a liability created by the statutes of this state"); *id.* § 78B-2-307

8

(four-year limitations period for claims "upon a contract, obligation, or liability not founded upon an instrument in writing," "on an open account for work, labor or services rendered," and "for relief not otherwise provided for by law"). "Under Utah law, a statute of limitations begins to run against a party when the cause of action accrues. As a general rule, a cause of action accrues when a plaintiff could have first filed and prosecuted an action to successful completion." *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 843 (Utah 1996) (citations omitted).

In determining when the causes of action accrued, the district court could review not only the allegations of the complaint, but also matters subject to judicial notice. *See Gee*, 627 F.3d at 1186. Those matters include "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). It is apparent from the record that the state-law claims accrued no later than December 2008. Therefore, the limitations periods for all the state-law claims had run before Mr. Anderson commenced this litigation in February 2015.

Mr. Anderson asserts that the limitations periods were tolled during the pendency of the Eighth District case. To the extent that he intends to assert that his state causes of action (such as for wrongful eviction) did not accrue until final judgment in the Eighth District case, we disagree. To the extent that he intends to claim the benefit of Utah's tolling provisions, he has failed to cite any authority or show how it would apply. For example, while Utah Code Ann. § 78B-2-111(1)

9

provides that "[i]f any action is timely filed and . . . the plaintiff fails in the action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the action has expired, the plaintiff . . . may commence a new action within one year after . . . the failure," Mr. Anderson has not shown that his state-law claims failed "otherwise than upon the merits" in the state proceedings.

Mr. Anderson also argues that 28 U.S.C. § 1367(d) tolled the limitations periods while his state-court proceedings were ongoing. But this argument is misplaced. Section 1367(d) preserves a state-law claim that is asserted in a *federal* proceeding and then is dismissed. It does not indefinitely suspend the limitations period for a state-law claim that first is brought in a state-court action. Further, Section 1367(d) provides no support for Mr. Anderson's position because the state limitations periods had expired before Mr. Anderson brought this federal action. Thus, there was nothing left of the limitations periods for § 1367(d) to toll.

In addition, Mr. Anderson briefly asserts that his claims involve continuing violations, but his citation in support discusses his federal-law claims, not his state-law claims. He has not shown that the state-law claims involve continuing violations that would somehow toll the limitations periods.

For these reasons, we affirm the dismissal of the state-law claims against the Private-Party Defendants and the Private-Party Attorney Defendants as barred by the statutes of limitations.

## 2. State Defendants – Eleventh Amendment Immunity

### a. State Court Defendants

Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

The parties do not dispute that the Eighth and Third District Courts and the Utah Court of Appeals are arms of the state of Utah. *See* 13 Charles Alan Wright et al., *Federal Practice & Procedure* § 3524.2 (3d ed. 2008) ("As a general matter, state courts are considered arms of the state."); Utah Const. Art. 8, § 1 (establishing Utah's court system). Therefore, those courts cannot be sued by private parties in federal court without their consent. Utah has not waived its immunity against civil-rights suits. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999). We therefore affirm judgment in favor of the court defendants on the grounds of Eleventh Amendment immunity.

11

### b.    Defendant McClellan in his Official Capacity

Mr. Anderson sued Mr. McClellan in his official capacity as well as his individual capacity. A state employee sued in his official capacity "may also assert Eleventh Amendment immunity as an 'arm' of the state in that []he assumes the identity of the [state entity]." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that a state official sued in his or her official capacity is generally entitled to assert the same immunities as the governmental entity for which he or she works). The exception is for claims against a state official seeking only prospective injunctive relief as a remedy. *See Ruiz*, 299 F.3d at 1180; *see also Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (holding that state officials can be enjoined from enforcing unconstitutional state statutes).

It appears that the claim against Mr. McClellan in his official capacity is based on his informing the Third District Court of his status as an Eighth District judge, allegedly influencing the Third District's decision. Any remedy for such action likely would be retrospective, not prospective. *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) ("Because [plaintiff] is merely seeking to address alleged past harms rather than prevent prospective violations of federal law, we can only reasonably categorize such relief as retrospective."). Moreover, the consolidated complaint requested prospective injunctive relief not against Mr. McClellan, but against the Utah state courts themselves. Accordingly, the claims

12

against Mr. McClellan in his official capacity are barred by the Eleventh Amendment.

### c. Defendants Herbert and Reyes

Mr. Anderson named Mr. Herbert and Mr. Reyes as defendants in their official capacities only. In the consolidated complaint, he alleged that they failed in their "duty to see that the laws of the State of Utah are faithfully executed." R. at 2891. "[T]hey both . . . have enforcement authority under Utah law, with the ability to use the courts to enforce the law, however they have refused to do so." *Id.* He stated that Mr. Reyes failed to investigate the circumstances of Mr. Anderson's loss of the house "and look into the issue of corruption in Utah courts," *id.* at 2892, and that Mr. Herbert was "on notice . . . that he has lawyers defrauding the courts," *id.* at 2893. He sought unspecified injunctive and declaratory relief.

As stated above, the Eleventh Amendment bars claims against state employees in their official capacities except for claims for prospective injunctive relief, which are allowed by *Ex Parte Young*. *See Ruiz*, 299 F.3d at 1180. Mr. Anderson maintains that he is seeking prospective relief against these defendants. Although the consolidated complaint is vague, his briefs indicate that the relief he seeks is in the nature of invalidating the state-court judgments. *See* Opening Br. at 44 ("As to [the requirement of seeking prospective relief], Anderson asks the court for declaratory relief, and to declare the Eighth District Court judgment void."); Reply Br. at 20 ("Anderson sought prospective relief by requesting the court to find the judgments of the Eighth and Third District Courts void."). This is a request for retrospective, not

13

prospective, relief. *See Buchheit*, 705 F.3d at 1159. This request also is not properly directed toward these defendants, whose duties as Executive Branch officials would not encompass vacating court judgments. Because Mr. Anderson has failed to establish the applicability of the *Ex Parte Young* exception, the judgment in favor of Mr. Herbert and Mr. Reyes in their official capacities is affirmed on the ground that they are entitled to Eleventh Amendment immunity.

## C.      Post-Judgment Motions

Mr. Anderson's notice of appeal listed the district court's orders denying his Rule 59 and 60(b) motions as additional subjects of the appeal, but his opening brief does not set forth any argument regarding those motions. Accordingly, any challenges to those orders are waived. *See COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1223 (10th Cir. 2016).

### III.      Conclusion

The judgment of the district court is affirmed. Mr. Anderson's Motion to Appoint a Special Master is denied. Appellees' motion to declare Mr. Anderson a vexatious litigant and impose filing restrictions is denied.

Entered for the Court


Joel M. Carson
Circuit Judge

14